**Robert Steven JAFFE, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2012–SC–000575–KB.**

Supreme Court of Kentucky.

Oct. 25, 2012.

***OPINION AND ORDER***

Robert Steven Jaffe moves to withdraw his membership from the Kentucky Bar Association ("KBA") under terms of permanent disbarment pursuant to Supreme Court Rule ("SCR") 3.480(3). Jaffe was suspended from the practice of law on February 24, 2012, for non-payment of bar dues. The KBA has no objection to Jaffe's motion to withdraw under terms of permanent disbarment. Upon review of the record, we find that Jaffe should be permanently disbarred and grant his motion to withdraw under terms of permanent disbarment. Jaffe, whose KBA number is 35456 and whose last known bar roster address is 462 South 4th Street, Louisville, KY 40202, was admitted to the practice of law in the Commonwealth of Kentucky in 1978.

Until early 2011, Jaffe was a partner in a Louisville law firm. Prior to joining the firm in 1994, Jaffe was in private practice briefly and then employed outside the

practice of law.[1] At the firm, Jaffe's practice concerned miscellaneous civil matters, primarily consisting of probate and domestic relations. Jaffe was one of three partners at the firm, and his responsibilities included overseeing the firm's financial obligations. This required Jaffe to manage the firm's payroll account, 401K contributions, and general operating expenses such as rent, utilities, and the payment of taxes.

In 2008, Jaffe began to transfer funds between firm accounts without the knowledge or consent of the other partners. He also began to withdraw funds from these accounts for his own personal use. In early 2011, a firm staff member discovered a deposit slip from Jaffe's personal bank filed with the firm's payroll deposit slips and alerted the partners. When the other partners performed an internal audit[2] of the firm's payroll account, they discovered thirty-three checks totaling $71,370.04, which they believed represented funds attributable to Jaffe's misappropriation. According to his verified motion to resign, Jaffe claims that such transfers and withdrawals were, at many times, for the benefit of the firm. However, Jaffe does admit that he misappropriated the firm's funds for his personal benefit.

The partners wrote a letter to the KBA on June 1, 2011, notifying the Office of Bar Counsel of Jaffe's suspected misappropriation. That same day, a Louisville attorney and former associate of the firm wrote a letter advising the Office of Bar Counsel that he too had learned of Jaffe's alleged misappropriation of firm funds through a party not employed by the firm.

On June 24, 2011, Jaffe filed a motion to withdraw from the Kentucky Bar Association pursuant to SCR 3.480(1).[3] At the time, Jaffe was unaware of the complaints that were made against him by the partners of the firm. As such, Jaffe was precluded from withdrawing pursuant to the terms of SCR 3.480(1). The KBA did not take action on the June 24, 2011 motion to withdraw.

The Inquiry Commission ("Commission") initiated an investigation pursuant to SCR 3.160(2) and filed a complaint against Jaffe on August 16, 2011. The Commission found that Jaffe misappropriated funds from one or more of the firm's accounts, including payroll and escrow accounts. Accordingly, the Commission charged Jaffe with violating SCR 3.130–8.4(c) (engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation).

Jaffe has filed a verified motion to resign under terms of permanent disbarment pursuant to SCR 3.480(3). In the motion, Jaffe admits to transferring funds from one firm account to another firm account in order to meet the financial obligations of the firm. He also admits to making transfers and withdrawals for his own personal benefit. Jaffe resigned from the firm when these allegations came to light, and has since resumed employment outside of the practice of law. He remains suspended from the practice of law for non-payment of bar dues. Jaffe acknowledges that his actions violated SCR 3.130–8.4(c).

---

1. Jaffe was in private practice from 1978 until 1981. He was employed outside the practice of law from 1981 until 1996.

2. The review was for the period of May 2008 through February 2011.

3. SCR 3.480(1) provides, in pertinent part, that: "Any member who desires to withdraw from membership and is not under investigation pursuant to Rule 3.160(2), and does not have a complaint or charge pending against him/her in any jurisdiction, shall file a written motion to that effect with the Court and serve a copy on the Registrar and the Inquiry Commission ..."

## CONCLUSION

Jaffe states that upon entry by this Court of an Order of disbarment he will not practice law in the Commonwealth of Kentucky, nor will he seek reinstatement. The KBA has no objection to Jaffe's motion to withdraw under terms of permanent disbarment. Upon examination of the record in this case and Jaffe's admission of unethical conduct, we find disbarment to be the appropriate sanction and grant Jaffe's motion.

Accordingly, it is hereby ORDERED:

1. Robert Steven Jaffe is permanently disbarred from the practice of law in the Commonwealth of Kentucky;

2. In accordance with SCR 3.450 and SCR 3.480(3)(b), Jaffe is directed to pay all costs associated with this disciplinary proceeding, said sum being $81.25, and for which execution may issue from this Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Jaffe shall, within ten days from the entry of this Order, (a) to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged; (b) notify all courts in which he has matters pending of his disbarment; (c) notify all clients, in writing, of his inability to continue to represent them and of the necessity of retaining new counsel; and (d) provide a copy of such letters to the Office of Bar Counsel of the Kentucky Bar Association.

All sitting. All concur.

ENTERED: October 25, 2012.

/s/ John D. Minton, Jr.